UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| HALIL SAHIN, | : | |
|---|---|---|
| Petitioner, | : | Civ. No. 17-13537 (KM) |
| v. | : | |
| CHARLES L. GREEN et al., | : | OPINION |
| Respondents. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Halil Sahin, is an immigration detainee currently held at the Essex County Correctional Facility, in Newark, New Jersey. He is proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be summarily dismissed without prejudice.

## II. BACKGROUND

Mr. Sahin explains that he is a lawful permanent resident and that he was taken into immigration custody on December 1, 2017. His petition challenges this immigration detention and seeks an order directing his release or requiring a removal hearing before an immigration judge physically located in New Jersey. Mr. Sahin complains that he did not receive a notice to appear outlining his charges until fourteen days after his detention began, and thus was "deprived of his right to contest the charges for which [he] has been detained." He contends that his detention is unlawful as it is based on a conviction which is still on direct appeal. Additionally, Mr. Sahin complains that his appearances have been by "televideo" before an immigration judge who is in Puerto Rico.

## III. DISCUSSION

Upon the filing of a habeas petition, the Court conducts an initial screening under 28 U.S.C. § 2243, which provides in relevant part,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Under Rule 4 of the Rules Governing § 2254 Cases (applied in this proceeding under Rule 1(b) of the Rules Governing § 2254 Cases), the Court must dismiss a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

Under 28 U.S.C. § 2241(c), a federal court may consider a petition for a writ of habeas corpus if the petitioner is "in custody" and alleges that the custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). The Immigration and Nationality Act ("INA") permits, upon a warrant issued by the Attorney General of the United States, the arrest and detention of an alien pending a determination as to removal. 8 U.S.C. § 1226(a); *see also Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of the process."). The INA section governing "Apprehension and detention of aliens" bars review of the Attorney General's discretionary decisions, specifically stating that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Furthermore, under INA as amended by the REAL ID Act, this court is deprived of any "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or

2

action by the Attorney General to commence [removal] proceedings." 8 U.S.C. § 1252(g); *see also Reeves v. Johnson*, No. 15-2532, 2015 WL 4133204, at *3 (D.N.J. July 7, 2015) ("Unless Plaintiff's arrest and his resulting constitutional injury occurred outside of the Attorney General's decision to commence proceedings against him . . . , this Court lacks jurisdiction to hear his claims.").

Mr. Sahin first argues that his detention is improper because the conviction which is the basis for his detention is still pending upon direct appeal.[1] A conviction will not be treated as final for immigration purposes until direct appeals are completed. *See Matter of Ozkok*, 19 I. & N. 546, 548–52 & n.7 (B.I.A. 1988), *superseded in part by statute*, 8 U.S.C. § 1101(a)(48). The Court is barred by § 1252(g) from considering such questions, which may be raised during proceedings before an immigration judge. The role of this Court in hearing a habeas petition is to assess the propriety of a petitioner's detention, not to decide issues that may ultimately be dispositive of Mr. Sahin's removability. *See* 8 U.S.C. § 1229a(a)(3) ("[A] proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be . . . removed from the United States."). The issue raised by Mr. Sahin seems to concern whether commencement of removal proceedings was proper; it does not bear directly on the narrow issue of the propriety of his detention. I therefore cannot consider it.

Mr. Sahin further argues that he did not receive a notice to appear, under 8 U.S.C. § 1229(a), until fourteen days after being detained. Even assuming that failure to serve a notice to appear renders a detention improper,[2] that defect has now been cured. Accordingly, this portion

---

[1] Mr. Sahin notes that the State, not he, initiated this appeal, but he contends that the identity of the appellant does not alter the fact that his conviction is still not final. The Court does not reach this issue in rendering its present decision.

[2] That is not at all clear, but I assume it for present purposes. Section 1226(a) permits detention of an alien "[o]n a warrant issued by the Attorney General," and that section makes no

3

of Mr. Sahin's petition is moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996).

Mr. Sahin additionally contends that the holding of hearings before a remote immigration judge by video conference, as opposed to in-person, has violated his due process rights. As a matter of law, this contention is incorrect. Under 8 U.S.C. § 1229a, immigration judges are explicitly authorized to conduct proceedings by video conference. 8 U.S.C. § 1229a(b)(2)(A)(iii). Furthermore, the Court of Appeals for the Third Circuit has previously found no fault with this practice. *Melgar v. Attorney Gen. of U.S.*, 442 F. App'x 695, 697–98 (3d Cir. 2011).

Although Mr. Sahin does not directly challenge the length of his detention as such, I consider it briefly. Under 8 U.S.C. § 1226(c), certain criminal aliens are subject to mandatory pre-removal detention. 8 U.S.C. § 1226(c)(1). The United States Court of Appeals for the Third Circuit, in *Diop v. ICE/Homeland Security*, 656 F. 3d 221 (3d Cir. 2011), held that § 1226(c) " authorizes only mandatory detention that is reasonable in length," after which a detainee would be entitled to a bond hearing. *Id.* at 234–35. The Third Circuit subsequently noted that a continued pre-removal detention under § 1226(c) without a bond hearing would become constitutionally problematic at some point after six months of detention, and certainly within one year. *Chavez-Alvarez v. Warden York Cty. Prison,* 783 F.3d 469, 478 (3d Cir. 2015). Mr. Sahin has been detained for just over one month, and a challenge to the duration of his detention would thus be premature. *See Mullings v. Aviles*, Civ. A. No. 13-4111 (JLL), 2014 WL 1234469, at *3 (D.N.J. Mar. 25, 2014). Mr. Sahin may, of course, reassert a claim challenging his post-removal detention should the government fail to effect his removal within a reasonable time.

---

mention of notices to appear. *See* 8 U.S.C. § 1226. The statutory provision governing the timing of service of notices to appear requires that they be served at least ten days before the hearing in question. *See* 8 U.S.C. § 1229(b)(1).

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed without prejudice. An appropriate order will be entered.

DATED: January 8, 2018

KEVIN MCNULTY
United States District Judge

5